# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION


DAVID ALAN PRINCE,

       Plaintiff,

v.                                        Case No. 8:10-CV-2836-T-27MAP

JUDGE MARC B. GILNER, et al.,

       Defendants.

_____/

## ORDER

Before the Court is the *pro se* prisoner Plaintiff's civil rights complaint (Dkt. 1), and motion to proceed in this action *in forma pauperis* (Dkt. 2). In his complaint, Plaintiff names as defendants the court appointed attorney who represented him in his criminal proceedings, the state attorneys who prosecuted him, and the judges who presided over his criminal proceedings.

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 essentially alleging that he was denied due process when the court appointed attorney who represented him provided him with ineffective assistance of counsel, and allowed him "to plea into Double Jeopardy" (Dkt. 1 at pg. 4). He further complains that the judges and prosecutors were present when he signed the plea agreements.[1]

As relief, Plaintiff seeks either 2.55 billion dollars in damages, or in the alternative 25.5 million dollars in damages, termination of his sentence, and "first class transportation" to Michigan.

---

[1]He signed one plea agreement on January 27, 2006, and, following a violation of probation, signed another plea agreement on September 8, 2008.

The Court has examined his complaint in accord with 28 U.S.C. § 1915(e)(2)(B). [2] After doing so, the Court concludes that the complaint must be dismissed because it seeks monetary damages from defendants who are immune from such relief, and fails to state a claim upon which relief may be granted.

**Claims against Court Appointed Counsel**

Plaintiff sues the court appointed attorney who represented him during his criminal proceedings. Plaintiff's claim is fatally flawed because the complaint fails to meet the requirements of a § 1983 action as public defenders and court appointed counsel are not persons "acting under of color of state law" for the purposes of the statute.[3] Significantly, the United States Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County, et al. v. Dodson*, 454 U.S. 312, 325 (1981) (footnote omitted); *Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and ... are not subject to suit under section 1983."). Plaintiff's complaint fails to demonstrate that court appointed counsel acted under color of state law. Accordingly, Plaintiff's

---

[2] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[3] In any § 1983 action, the initial inquiry must focus on whether two essential elements are present:

(1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States.

*Duke v. Massey*, 87 F.3d 1226, 1231 (11th Cir. 1996) (citations omitted); *see also Hale v. Tallapoosa County*, 50 F.3d 1579 (11th Cir. 1995).

2

claims against his court appointed attorney must be dismissed for failure to state a claim upon which relief may be granted.

**Claims against Prosecutors**

Plaintiff also sues the prosecutors who prosecuted him. Prosecutors, however, are absolutely immune from liability in 42 U.S.C. § 1983 actions for prosecutorial actions that are intimately associated with the judicial phase of the criminal process. *Van de Kamp v. Goldstein*, 129 S. Ct. 855, 860 (2009) (citation omitted). "Likewise, prosecutors enjoy absolute immunity for the initiation and pursuit of criminal prosecution." *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999). Therefore, the prosecutors who prosecuted Plaintiff are absolutely immune from liability in this action. Accordingly, the claims against the prosecutors must be dismissed.

**Claims against Trial Judges**

Plaintiff sues the trial court judges who presided over his criminal proceedings. In a § 1983 action, a judge is entitled to absolute judicial immunity from damages for those acts taken while he was acting in his judicial capacity unless he acted in the "'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quotation omitted); *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir. 1996) (same). A judge is entitled to this immunity even though his acts were in error, were malicious, or were in excess of his jurisdiction. *Stump*, 435 U.S. at 356. The allegations in Plaintiff's complaint show that the judges actions were taken while they were acting in their judicial capacity. Further, the complaint does not assert the judges acted in the "clear absence of all jurisdiction." Thus, the judges are entitled to absolute immunity. Accordingly, the claims against the judges must be dismissed.

**Request for Immediate Release from Incarceration**

3

To the extent Plaintiff seeks to challenge the validity of his criminal conviction and sentence, and seeks immediate release from incarceration, such claim may not proceed in a § 1983 action. The instant attack on the conviction and sentence is prohibited as habeas corpus is the exclusive remedy for a state prisoner who challenges the validity of the fact or duration of his confinement. *Edwards v. Balisok*, 520 U.S. 641, 645 (1997); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973).  Accordingly, his challenge to his conviction and sentence is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## Conclusion

A *pro se* plaintiff's allegations must be read in a liberal fashion. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (holding that "[ p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys").  However, while a plaintiff is not required to prove his claim in his complaint, he must allege sufficient facts in the complaint which, when viewed in the light most favorable to the plaintiff, support the conclusion that he may be able to establish that he is entitled to the relief he seeks under § 1983.  Plaintiff has failed to carry that burden, and the Court concludes that no relief could be granted against these defendants under any set of facts that could be proved consistent with the allegation made by Plaintiff in his complaint. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

ACCORDINGLY, the Court **ORDERS** that:

1. Plaintiff's civil rights complaint (Dkt. 1) is **DISMISSED** for failure to state a claim upon which relief may be granted, and because it seeks monetary damages from defendants who are immune from such relief .

2. Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. 2) is **DENIED** as moot.

4

3.  The Clerk is directed to enter judgment against Plaintiff, terminate any pending motions, and close the case.

**DONE and ORDERED** in Tampa, Florida, on _December 21ˢᵗ_____, 2010.


_____
JAMES D. WHITTEMORE
United States District Judge

SA: sfc
Copy to: *Pro Se* Plaintiff